**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 26-57404-jwc |
| | ) | |
| RACHAEL XENIA THOMAS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| CWS INVESTMENTS, INC. | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | Contested Matter |
| | ) | |
| RACHAEL XENIA THOMAS, | ) | |
| JASON L. PETTIE, as Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**<u>NOTICE OF HEARING</u>**

PLEASE TAKE NOTICE that CWS INVESTMENTS, INC. has filed a Motion for Relief from Stay (the "Motion") and related papers with the Court seeking an order granting relief from the automatic stay.

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion at 10:00 A.M. on August 6, 2026 in Courtroom 1203, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which must be attended in person, unless the Court orders otherwise.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must

1

attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is: Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the Motion cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the Motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated: July 21, 2026

BUCHALTER LLP

/s/ Brian S. Goldberg
Brian S. Goldberg
Georgia Bar No. 128007
3475 Piedmont Road NE, Suite 1100
Atlanta, Georgia 30305
Telephone: (404) 832-7667
Email: bgoldberg@buchalter.com

*Counsel for CWS Investments, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 26-57404-jwc |
| | ) | |
| RACHAEL XENIA THOMAS, | ) ) ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| CWS INVESTMENTS, INC. | ) | |
| | ) | |
| Movant | ) ) | |
| | ) | |
| v. | ) ) | Contested Matter |
| | ) | |
| RACHAEL XENIA THOMAS, | ) | |
| JASON L. PETTIE, as Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## <u>CREDITOR CWS INVESTMENTS, INC.'S MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY</u>

COMES NOW CWS Investments, Inc. ("CWS"), by and through undersigned counsel, and moves this Court pursuant to 11 U.S.C. § 362(d)(1) and Federal Rule of Bankruptcy Procedure 4001 for entry of an order granting limited relief from the automatic stay to permit CWS to continue the pending action styled *CWS Investments, Inc. v. Luxe Home Properties, LLC, Rachel Thomas, Melody M. Maddox, in her capacity as DeKalb County Sheriff, Irvin J. Johnson, in his capacity as DeKalb County Tax Commissioner, and Any Person or Entity Claiming an Interest in Surplus Funds*, Civil Action No. 25CV10207, pending in the Superior Court of

3

DeKalb County, State of Georgia (the "State Court Action"), solely for the limited purposes described below. In support of this Motion, CWS respectfully shows the Court as follows:

## **JURISDICTION AND BACKGROUND**

1.     On June 3, 2026, Rachael Xenia Thomas (the "Debtor") filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code in this Court, commencing the above-captioned bankruptcy case.

2.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3.     Prior to the petition date, CWS commenced the State Court Action in the Superior Court of DeKalb County, Georgia. The State Court Action is pending as Civil Action No. 25CV10207.

4.     The State Court Action concerns, among other things, CWS's asserted rights arising from a commercial loan made to Luxe Home Properties, LLC and secured by property located at 49 Montgomery Street, Atlanta, Georgia 30307, Parcel No. 15-207-04-009 (the "Montgomery Street Property").

5.     In the State Court Action, CWS seeks, among other relief, adjudication of entitlement to surplus funds remaining from the July 1, 2025 DeKalb County tax sale of the Montgomery Street Property (the "Surplus Proceeds").

6.     The State Court Action also includes claims against non-debtor parties, including Luxe Home Properties, LLC ("Luxe"), and other parties that assert or may

4

assert interests in the Surplus Proceeds. In addition to asserting entitlement to the Surplus Proceeds, CWS seeks to prosecute claims and obtain judgment against Luxe in accordance with the claims asserted in the State Court Action.

7. CWS does not seek by this Motion authority to collect any judgment from the Debtor personally, to execute on any judgment against the Debtor, or to enforce any judgment against property of the bankruptcy estate without further order of this Court.

## RELEVANT SCHEDULES AND ADMISSIONS

8. The Debtor scheduled the State Court Action in her Statement of Financial Affairs as a pending lawsuit: *CWS Investments, Inc. v. Luxe Home Properties, LLC et al.*, Civil Action No. 25CV10207, pending in the Superior Court of DeKalb County, Georgia.

9. The Debtor's Schedule A/B identifies a contingent interest, if any, in surplus proceeds from the July 1, 2025 DeKalb County tax sale of the Montgomery Street Property and states that "CWS Investments, Inc. asserts first-priority entitlement to all surplus proceeds and has sued debtor and others in DeKalb County Superior Court, Case No. 25CV10207."

10. The Debtor further states in Schedule A/B that the Debtor "disputes/does not intend to pursue and will surrender/abandon any such interest to the Chapter 7 trustee."

11.     The Debtor also lists CWS on Schedule D with respect to the contingent claim to the Surplus Proceeds, identifying the nature of the asserted lien or right as "Tax Surplus," and again notes CWS's asserted first-priority entitlement to all surplus proceeds.

12.     The Debtor's Schedule E/F separately lists CWS as holding a contingent, unliquidated, disputed nonpriority unsecured claim arising from a Commercial Guaranty dated September 25, 2023 for the Luxe Home Properties, LLC commercial loan, and describes the pending DeKalb County Superior Court litigation.

13.     The Debtor's Statement of Intention likewise references CWS and the Surplus Proceeds and states the Debtor does not intend to pursue and will surrender or abandon any such interest to the Chapter 7 trustee.

## **RELIEF REQUESTED**

14.     CWS requests relief from the automatic stay solely to permit CWS to continue the State Court Action for the limited purposes of:

    a. adjudicating and determining ownership of, priority in, and entitlement to the Surplus Proceeds;

    b. litigating rights, claims, defenses, interests, and priorities relating to the Surplus Proceeds among CWS, and the non-debtor parties;

    c. continuing the State Court Action against non-debtor parties, including prosecution of claims against Luxe Home Properties, LLC

and other non-debtor claimants or parties and obtaining judgment against such non-debtor parties where appropriate;

d.  obtaining orders or judgments determining entitlement to the Surplus Proceeds and directing the appropriate governmental officer or custodian to hold or disburse the Surplus Proceeds consistent with the State Court's adjudication and any applicable order of this Court; and

e.  taking such procedural actions in the State Court Action as are necessary to maintain, prosecute, and adjudicate the claims described above.

15.   CWS expressly does not seek relief from the automatic stay to collect from the Debtor personally, to execute or enforce any judgment against the Debtor or property of the bankruptcy estate, to garnish or levy against the Debtor, or to take any act prohibited by 11 U.S.C. § 362(a) except as expressly authorized by an order granting this Motion.

## **CAUSE EXISTS FOR RELIEF FROM STAY**

Section 362(d)(1) provides that the Court shall grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). The term "cause" is not defined in § 362(d)(1) or elsewhere in the Bankruptcy Code. *In re Feingold*, 730 F.3d 1268, 1276–77 (11th Cir. 2013) (citing *Baldino v. Wilson* (*In re Wilson*), 116 F.3d 87, 90 (3d Cir.1997) ("Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular

case."). Courts also consider the totality of the circumstances when determining whether to grant relief from a stay, including "the benefits and burdens of lifting the stay." *In re Ellingsworth Residential Cmty. Ass'n, Inc*., 125 F.4th 1365, 1381 (11th Cir. 2025) (citing *In re Gaime*, 17 F.4th 1349, 1355 (11th Cir. 2021).

To that end, bankruptcy courts within the Northern District of Georgia have recognized that motions for relief from the automatic stay to allow pending litigation to proceed may be evaluated under the balancing approach articulated in *In re Video Cassette Games, Inc.*, 108 B.R. 347 (Bankr. N.D. Ga. 1989), as well as the factors discussed in *Sonnax Industries, Inc. v. Tri Component Products Corp*., 907 F.2d 1280 (2d Cir. 1990), with the ultimate inquiry being whether cause exists under the totality of the circumstances. *See In re Johnson*, 04-74452-MHM, 2006 WL 6593254, at *2 (Bankr. N.D. Ga. Oct. 11, 2006). Here, the relevant considerations strongly support granting limited stay relief.

## A.   Continuation of the State Court Action Will Not Result in "Great Prejudice" to the Debtor or the Bankruptcy Estate.

CWS does not seek authority to collect any judgment from the Debtor personally. Nor does CWS seek authority to execute, garnish, levy, foreclose, or otherwise enforce any judgment against the Debtor or property of the bankruptcy estate. Rather, CWS seeks only to continue the State Court Action for purposes of determining the parties' respective rights, priorities, and interests in the Surplus Proceeds and to continue litigation against non-debtor parties. The Debtor has

8

expressly disclosed in her schedules and Statement of Intention that she does not intend to pursue any interest in the Surplus Proceeds and intends instead that any such interest be surrendered or abandoned to the Chapter 7 Trustee. Because this is a Chapter 7 case and CWS seeks no recovery from the Debtor personally, continuation of the State Court Action will not impair the Debtor's fresh start.

Therefore, granting the limited relief requested will not interfere with the Debtor's fresh start and will not expose the Debtor to collection activity. Moreover, adjudication of competing claims to the Surplus Proceeds in the State Court Action will assist in determining whether the estate has any interest in the Surplus Proceeds and, if so, the nature and extent of that interest.

**B.      The Hardship to CWS If Relief Is Denied Substantially Outweighs Any Burden on the Estate.**

Denial of the requested relief would substantially prejudice CWS by preventing it from continuing a prepetition action specifically intended to determine entitlement to the Surplus Proceeds. Denial of relief would also prevent CWS from prosecuting its claims against Luxe and other non-debtor defendants and pursuing any judgment to which it may be entitled against those non-debtor parties.

The State Court Action includes multiple parties who claim, or may claim, an interest in the Surplus Proceeds, including non-debtor parties, and provides a single forum in which those competing claims may be resolved. Absent relief from stay, CWS will be forced either to suspend prosecution of its claims or litigate overlapping

issues in multiple forums, resulting in unnecessary expense, delay, and the potential for inconsistent rulings.

By contrast, the burden on the estate is minimal. CWS does not seek to collect from the Debtor personally, execute on any judgment, obtain possession of estate assets, or otherwise interfere with administration of the bankruptcy estate. Rather, CWS seeks only to continue adjudication of the parties' competing rights and interests in the Surplus Proceeds in the forum where that litigation is already pending.

## C.      CWS Possesses a Substantial Basis for the Relief Sought in the State Court Action.

CWS is not requesting that this Court adjudicate the ultimate merits of the parties' competing claims to the Surplus Proceeds. Rather, CWS seeks only limited relief from the automatic stay to allow those issues to be adjudicated in the pending State Court Action.

Nevertheless, to the extent the Court considers the third factor identified in *In re Video Cassette Games, Inc.*, 108 B.R. 347 (Bankr. N.D. Ga. 1989), CWS has demonstrated more than a mere possibility of success on the merits. The Debtor's own bankruptcy schedules acknowledge the existence of the State Court Action, acknowledge CWS's assertion of a first-priority entitlement to the Surplus Proceeds, and disclose that CWS has sued for determination of rights to those proceeds.

To be clear, CWS holds a first-priority security deed and security interest in real property located at 49 Montgomery Street, Atlanta, Georgia 30307 recorded in

10

Deed Book 31108, Page 722, DeKalb County, Georgia records ("Security Deed") that is the subject of the State Court Action.  As the current holder of the Security Deed, CWS holds a first-priority interest in proceeds of the property from the tax sale, including, but not limited to, the Surplus Proceeds. Additionally, CWS contends that it paid the redemption price to protect the property and that such payment provides an independent basis for its asserted entitlement to the Surplus Proceeds.

The existence of the pending State Court Action, the Debtor's admissions concerning CWS's asserted rights, and the substantial legal and factual disputes concerning ownership, priority, and entitlement to the Surplus Proceeds demonstrate that CWS's claims are neither speculative nor frivolous. Rather, CWS possesses a substantial basis for the relief sought in the State Court Action.

Moreover, courts considering stay-relief motions are not required to conduct a full adjudication of the underlying dispute. The proper inquiry is whether the movant has demonstrated a legitimate basis for pursuing the claims in the non-bankruptcy forum. Here, CWS plainly satisfies that standard.

Accordingly, CWS has demonstrated a sufficient likelihood of success to satisfy the third consideration identified in *Video Cassette Games*.

11

## <u>CONCLUSION</u>

WHEREFORE, CWS Investments, Inc. respectfully requests that this Court enter an order granting limited relief from the automatic stay as set forth above and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of July, 2026.

BUCHALTER LLP

/s/ Brian S. Goldberg
Brian S. Goldberg
Georgia Bar No. 128007
3475 Piedmont Road NE, Suite 1100
Atlanta, Georgia 30305
Telephone: (404) 832-7667
Email: bgoldberg@buchalter.com

Counsel for CWS Investments, Inc.

## Certificate of Service

I hereby certify that on the 21st day of July, 2026, I electronically filed the foregoing Motion for Relief from Stay and Notice of Hearing using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's ECF program:

Charles Taylor Kogan
Thompson, O'Brien, Kemp & Nasuti, P.C.
2 Sun Court, Ste 400
Peachtree Corners, GA 30092

Jason L. Pettie
Gordon and Pettie, LLC
1600 Parkwood Circle SE
Suite 500
Atlanta, GA 30339

I further certify that on this day I caused a copy of this document to be served via UNITED STATES FIRST CLASS MAIL, WITH ADEQUATE POSTAGE PREPAID on the following parties at the address shown for each.

Rachael Xenia Thomas
2130 Del Morro Dr
Dacula, GA 30019

Dated: July 21, 2026

/s/ Brian S. Goldberg
Brian S. Goldberg

13